```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
                              :
STEPHANIE EMILY CHESMAR       :    Civ. No. 3:18CV00284(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION¹               :    August __, 2019
                              :
------------------------------x
```

## ORDER APPROVING STIPULATION FOR ALLOWANCE OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [Doc. #39]

This matter is before the Court on a joint stipulation requesting payment of attorney's fees to plaintiff's counsel under the Equal Access to Justice Act ("EAJA" or the "Act"). See Doc. #39. For the reasons set forth below, the Court **APPROVES and SO ORDERS** the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act [**Doc. #39**], for the stipulated amount of **$9,020.00 in attorney fees and $17.00 in costs**.

I.   BACKGROUND

Plaintiff filed an application for SSI on March 11, 2014, alleging disability beginning August 17, 2012. See Certified Transcript of the Administrative Record, Doc. #17 and attachments, compiled on April 14, 2018, (hereinafter "Tr.") at 297-305.

---

[1] Andrew M. Saul was confirmed as Commissioner of the Social Security Administration on June 4, 2019. He is now the proper defendant. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g). The Clerk of the Court is directed to update the docket accordingly.

1

Plaintiff's application was denied initially on July 9, 2014, see Tr. 236-240, and upon reconsideration on December 24, 2014, see Tr. 199-209.

On August 11, 2016, plaintiff, represented by Attorney Meryl Anne Spat, appeared and testified before Administrative Law Judge ("ALJ") Bruce H. Zwecker. See Tr. 133-186. On September 15, 2016, the ALJ issued an unfavorable decision. See Tr. 21-35. On December 18, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's September 15, 2016, decision the final decision of the Commissioner. See Tr. 1-7. After exhausting her administrative remedies, plaintiff filed the Complaint in this case on February 15, 2018. See Doc. #1.

On April 23, 2018, the Commissioner ("defendant") filed the official transcript. See Doc. #17 and attachments. On August 6, 2018, plaintiff filed a motion to reverse the decision of the Commissioner. See Doc. #25. On October 5, 2018, defendant filed a motion to affirm the decision of the Commissioner. See Doc. #29.

On March 18, 2019, the undersigned issued a Ruling granting plaintiff's motion to reverse, to the extent plaintiff sought a remand for further administrative proceedings. See Doc. #33. Judgment entered in plaintiff's favor on March 18, 2019. See Doc. #34.

On June 2, 2019, plaintiff filed a motion seeking attorney's fees under the Equal Access to Justice Act. See Doc. #35. The

Commissioner filed a response, opposing plaintiff's motion. See

Doc. #36. On July 5, 2019, the Court ordered:

> ORDER Re: Doc. #35 Motion for Attorney Fees. The Standing Scheduling Order issued in this case (Doc. #5-1) requires that a party filing a "Motion for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. §2412... must attest therein that he or she first attempted to settle the issue of attorney fees under the Equal Access to Justice Act with opposing counsel." Doc. #5-1 at 1. Plaintiff has not included such an attestation with her motion, and defense counsel represents that plaintiff's counsel has not responded to defense counsel's attempts to settle this issue. See Doc. #36 at 9. Plaintiff's counsel shall contact defense counsel forthwith and discuss possible resolution of the attorney's fees issue. On or before July 17, 2019, plaintiff's counsel shall file a statement which complies with the scheduling order entered in this case, affirming that she has attempted to resolve the issue of attorney fees with counsel for the Commissioner, and reporting whether a resolution has been reached. It is so ordered.

Doc. #37. On August 4, 2019, plaintiff's counsel filed a joint Stipulation for Allowance of Fees under the Equal Access to Justice Act ("Stipulation").[2] See Doc. #39. The Court **TERMINATES** plaintiff's original motion for fees [Doc. #35] in light of the stipulation.

**II. LEGAL STANDARD**

A party who prevails in a civil action against the United States may seek an award of fees and costs under the EAJA, 28 U.S.C. §2412, the purpose of which is "to eliminate for the average person the financial disincentive to challenging

---

[2] Plaintiff did not file any response to the Court's July 5, 2019, order in advance of the July 17, 2019, deadline. The Court, on July 23, 2019, issued an order to show cause. See Doc. #38. Plaintiff's counsel has not filed a response to the Court's order to show cause.

3

unreasonable government actions." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 163 (1990) (citing Sullivan v. Hudson, 490 U.S. 877, 883 (1989)). In order for an award of attorney's fees to enter, this Court must find (1) that the plaintiff is a prevailing party, (2) that the Commissioner's position was without substantial justification, (3) that no special circumstances exist that would make an award unjust, and (4) that the fee petition was filed within thirty days of final judgment. See 28 U.S.C. §2412(d)(1)(B).

Although the parties have reached an agreement as to the appropriate award of fees in this matter, the Court is obligated to review the fee application and determine whether the proposed fee award is reasonable. "[T]he determination of a reasonable fee under the EAJA is for the court rather than the parties by way of stipulation." Pribek v. Sec'y, Dep't of Health & Human Servs., 717 F. Supp. 73, 75 (W.D.N.Y. 1989) (quotation marks and citation omitted); see also Rogers v. Colvin, No. 4:13CV945(TMC), 2014 WL 630907, at *1 (D.S.C. Feb. 18, 2014); Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (Under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation."). The Court therefore has reviewed

4

plaintiff's motion and supporting records to determine whether the stipulated amount is reasonable.

**III. DISCUSSION**

In the stipulation, plaintiff's attorney claims fees in the amount of $9,020.00, and costs in the amount of $17.00. See Doc. #39 at 1. The request for fees represents compensation for 44 hours of time at a rate of $205.00 per hour. See Doc. #35 at 1; Doc. #36-1 at 1. Defendant does not contest the hourly rate sought,[3] and the parties have now reached an agreement under which the defendant would pay $9,020.00 in fees, and costs in the amount of $17.00. See Doc. #39. It is plaintiff's burden to establish entitlement to a fee award, and the Court has the discretion to determine what fee is "reasonable." Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983) (interpreting 42 U.S.C. §1988, which allows a

---

[3] Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor[] ... justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). In her original motion, counsel asserted:
> The hourly rate of compensation requested is believed to be below that prevalent in Connecticut for counsel of similar experience, and reasonable.
> This rate of compensation reflects cost-of-living increases since the enactment of EAJA. This is based on the United States Department of Labor Consumer Price Index for the city of Hartford, or reflects an hourly rate, which is well below the loadstar in the state of Connecticut for counsel of similar background and experience[.]

Doc. #35 at 2. Because defendant does not contest the hourly fee sought, the Court assumes, without deciding, that the hourly rate sought is reasonable. Cf. Yulfo-Reyes v. Berryhill, No. 3:17CV02015(SALM), 2019 WL 582481, at *2 n.4 (D. Conn. Feb. 13, 2019).

5

"prevailing party" to recover "a reasonable attorney's fee as part of the costs").[4] This Court has a duty to review plaintiff's itemized time log to determine the reasonableness of the hours requested and to exclude hours "that are excessive, redundant, or otherwise unnecessary[.]" Id. at 434. "Determining a 'reasonable attorney's fee' is a matter that is committed to the sound discretion of a trial judge." J.O. v. Astrue, No. 3:11CV1768(DFM), 2014 WL 1031666, at *1 (D. Conn. Mar. 14, 2014) (quoting Perdue v. Kenny A., 559 U.S. 542, 558 (2010)).

Here, the Court finds that plaintiff has satisfied the requirements of 28 U.S.C. §2412(d)(1)(B), and that an award of fees may enter. Specifically, the Court finds that: (1) plaintiff is a prevailing party in light of the Court having partially granted plaintiff's motion to reverse and having ordered a remand of this matter for further administrative proceedings; (2) the Commissioner's position was without substantial justification; (3) on the current record, no special circumstances exist that would make an award unjust; and (4) the fee petition was timely filed.[5]

---

[4] The "standards set forth in [Hensley] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" Hensley, 461 U.S. at 433 n.7.

[5] Plaintiff's original motion [Doc. #35] was timely as it was filed within thirty days after the time to appeal the final judgment had expired. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("[A] 'final judgment' for purposes of 28 U.S.C. §2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired.").

See 28 U.S.C. §2412(d)(1)(B). The Court next turns to the reasonableness of the fees sought.

In this case, plaintiff's counsel seeks payment for a total of 44 hours of attorney time. The transcript in this case was comprised of 879 pages and plaintiff's counsel submitted a thorough brief. The Court finds the time reasonable for the work claimed, including: preparation of the Complaint [Doc. #1]; preparation of the motion for leave to proceed in forma pauperis [Doc. #2]; preparation of the motion to reverse [Doc. #25]; and review of the administrative record [Doc. #17]. Cf. Rodriguez v. Astrue, 3:08CV154(JCH)(HBF), 2009 WL 6319262, at *3 (D. Conn. Sept. 3, 2009) ("Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." (collecting cases)); Barbour v. Colvin, 993 F. Supp. 2d 284, 291 (E.D.N.Y. 2014); see also Lechner v. Barnhart, 330 F. Supp. 2d 1005, 1012 (E.D. Wis. 2004).

The Court further finds that the 44 hours claimed is reasonable as "courts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between twenty and forty hours of attorney time to prosecute." Poulin v. Astrue, No. 3:10CV1930(JBA)(JGM), 2012 WL 264579, at *3 (D. Conn. Jan. 27, 2012) (quotation marks and

7

citations omitted). While the hours in this case slightly exceed that range, plaintiff's counsel has documented that she spent significantly more hours working on the case. See Doc. #35-1 at 1-6 (detailing over 60 hours spent working on plaintiff's behalf). Additionally, The Commissioner originally requested a greater reduction of plaintiff's counsel's hours. See generally Doc. #36 (seeking a reduction of up to 22.5 hours, reducing the total compensable hours to 39.85). Of those hours, 5.4 were expended in "various consultations, primarily telephone consultations and text messages[]" addressing client concerns. Id. at 8. Defendant claimed this exceeded the usual time spent providing a client with updates. See id. The Court finds it is reasonable to award a slightly greater number of hours for client interaction given plaintiff's cognitive difficulties, which, based on counsel's billing records, required that counsel interact with plaintiff herself, and with plaintiff's aunt, doctor and counselor to ensure that plaintiff properly understood the status of her case, and the social security appeal process generally. See, e.g., Doc. #35-1 at 6.

**IV. CONCLUSION**

Accordingly, the Court finds that the stipulated time is reasonable, particularly in light of the parties' agreement, which adds weight to the claim that the fee award claimed is reasonable. Therefore, an award of $9,020 in fees and $17.00 in costs is

8

appropriate, and the parties' Stipulation for Allowance of Fees Under the Equal Access to Justice Act [**Doc. #39**] is **APPROVED** and **SO ORDERED.**

SO ORDERED at New Haven, Connecticut this 14th day of August, 2019.

                                                  /s/
                                    Hon. Sarah A. L. Merriam
                                    United States Magistrate Judge